**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**JOSHUA DEMETREUS RAMEY**                                                          **PLAINTIFF**

**VS.**                                     **CIVIL ACTION NO. 4:12cv190-CWR-LRA**

**J. G. KUFEL**                                                                                 **DEFENDANT**

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

When Plaintiff Joshua Demetreus Ramey filed his Complaint on December 6, 2012, he was housed as a prisoner in the Clarke County Jail, 444 West Donald Street, Quitman, Mississippi 39355. His custodian at that time was the Defendant in this cause, J. G. Kufel, the jail administrator of the Clarke County Jail. According to the Complaint, Defendant Kufel handled Plaintiff "inappropriately" during a search and then choked him. The Complaint was filed pursuant to 28 U.S.C. § 1983. Mail sent to Ramey by the Court was returned as undeliverable by the United States Postal Service as early as April 9, 2013 [ECF No. 8].

Staff of the undersigned have attempted to set this cause for an omnibus hearing. However, mail to Ramey has been returned as undeliverable because he is no longer housed at the Clarke County Jail. The website of the Mississippi Department of Corrections ["MDOC"] does not show Ramey as an inmate in any MDOC facility, and he has not advised the Clerk of the Court of any current address.

Ramey filed this civil case, and it was his responsibility to prosecute his claims. In the Court's Order [ECF No. 6, filed March 14, 2013], he was warned of his responsibility and cautioned that his "[f]ailure to advise this Court of a change of address or failure to comply with any Order of this Court will be deemed as a purposeful delay and contumacious act by Plaintiff and may result in the dismissal of the case." He was aware that it was his responsibility to inform the Court of any address changes. His failure to provide a means of contacting him has thwarted the Court's efforts to hear his

claims and has delayed Defendant's ability to defend the claims. The Court must be able to contact Plaintiff, and he must be willing to prosecute his case in accordance with the rules of the Court.

Rule 41(b) of the Federal Rules of Civil Procedure provides as follows:

> (b) **Involuntary Dismissal; Effect.** If the plaintiff *fails to prosecute or to comply with these rules or a court order*, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule ---- except ... ---- operates as an adjudication on the merits.

(Emphasis added.)

Defendant Kufel filed a Motion to Dismiss Without Prejudice for Failure to Prosecute [ECF No. 13] on June 25, 2013, requesting that this Court dismiss the Complaint without prejudice due to Ramey's failure to keep the Court or the defense apprised of a current address. This Court has the authority to dismiss an action for failure of a plaintiff to prosecute or to comply with any order of the Court both under Fed. R. Civ. P. 41(b) and under its inherent authority. *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)*; Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Link*, *supra*, 370 U.S. at 630. The actions of Plaintiff also prejudice the rights of Defendant to promptly and fully defend the claims made against him.

Whether or not a plaintiff is *pro se*, or incarcerated, he still has an obligation to inform the Court of any address changes. "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes." *See Local Rule* 11(a); *Wade v. Farmers Ins. Group*, No. 01-20805, 2002 WL

1868133, at *1, n. 12 (5th Cir. June 26, 2002) (on appeal from district court's denial of a motion for reconsideration of dismissal for failure to prosecute- even incarcerated litigants must inform the court of address changes).

A dismissal of a plaintiff's lawsuit for failing to comply with a district court's order is warranted where "[a] clear record of delay or contumacious conduct by plaintiff exists." *Day v. Allstate Ins. Co.,* 788 F.2d 1110 (5th Cir. 2008) (quoting *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980)). The record in Ramey's case supports such a finding. Ramey obviously lost interest in pursuing this lawsuit after his release from the Clarke County Jail, although he has not formally dismissed his complaint. The sanction of dismissal is necessary in order to officially conclude the litigation against Defendant. The statute of limitations may not have run on his claims, and the dismissal should be without prejudice.

For the above reasons, the undersigned Magistrate Judge recommends that Defendant's Motion to Dismiss Without Prejudice for Failure to Prosecute [ECF No. 13] be **granted**. This cause of action should be dismissed pursuant to FED. R. CIV. P. 41(b), without prejudice, unless Ramey objects to this Report and Recommendation within fourteen days (14) after the entry of this recommendation and provides his new contact information within that period.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 8th day of October 2013.

                                        /s/ Linda R. Anderson
                          UNITED STATES MAGISTRATE JUDGE